IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMAAL ALI BILAL,

    Petitioner,
v.                                                    CASE NO. 3:16-cv-167-LC-GRJ

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, who is presently incarcerated at Reception and Medical Center, initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  In the Petition, Petitioner represented that he had not attempted to pursue any state remedies because of his brief sentence (one year imprisonment).  Based on this representation, the Court directed Petitioner to show cause for his failure to exhaust.  (ECF No. 3.)  Petitioner has now responded to the Court's order.  (ECF No. 6.)  Based on the Petition and Petitioner's response to the order to show cause, the Court concludes that the petition is due to be dismissed for failure to exhaust his state court remedies.

Petitioner's claims stem from his conviction for assault or battery on

sexually violent predators detention or commitment facility staff in Escambia County on March 27, 2016, for which he received a sentence of imprisonment of one year and a day with credit for ten months time served. Petitioner is currently incarcerated at Reception and Medical Center, and the Florida Department of Corrections Inmate Locator indicates that his current release date is May 28, 2016.[1]

In the instant Petition, filed on April 18, 2016, Petitioner challenges his conviction for assault or battery on sexually violent predators detention or commitment facility staff on two grounds, as a violation of due process and as an unconstitutional detainer placed by the Department of Children and Families that will return him to civil commitment after his sentence is completed. He states that he has not attempted to exhaust his state remedies because of his short sentence.

The Court takes note that Petitioner has been subject to civil commitment since at least 2001, as evidenced by Petitioner's statements in his Petition and his conviction history.  *See, e.g., Jamaal Ali Bilal v. State of Florida*, No. 1D13-5500 (Fla. Dist. Ct. App. 2015)(denying Petitioner's

---

[1] http://www.dc.state.fl.us/activeinmates/detail.asp?Bookmark=1&From=list&SessionID=697392341

petition for release and explaining that Petitioner had entered a settlement agreement with the State in 2001 regarding his diagnosis of paraphilia NOS and his subsequent commitment under the Jimmy Ryce Act). Upon his release from custody, he will be returned to civil commitment. This is not, however, the detention that he challenges in this Petition.

Federal habeas relief may not be granted unless a Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process.").

Petitioner acknowledges that he has available state remedies, but states that he has elected not to pursue them in favor of filing a federal habeas petition instead. He states that he is forgoing any potential state remedies due to the brevity of his sentence.

Petitioner's argument, however, is not persuasive. He has not shown

that pursuing state remedies would be ineffective. "The exhaustion requirement is excused only in those 'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)(quoting *Ex Parte Hawk*, 321 U.S. 114, 188 (1944)). Petitioner has not shown that seeking state remedies is "futile." *Moon v. Collins*, 22 F.3d 1093 (5th Cir. 1994)(per curiam). Petitioner's argument that he cannot pursue state remedies because of the brevity of his sentence is therefore unavailing.

In his response, Petitioner references an earlier habeas petition filed in this Court in 1999, Case No. 3:98-cv-179-LC-MD. Judge Collier found that Petitioner had been denied his constitutional right to effective assistance of counsel based on counsel's failure to file an appeal. Judge Collier then directed the State of Florida to allow Petitioner to file a belated appeal of his convictions within sixty days, otherwise the petition for habeas corpus would be granted and Petitioner would be released from custody. Petitioner was allowed to file an appeal and the writ was ultimately denied.

Petitioner claims that Judge Collier should have issued an "unconditional writ," and he blames this decision for his civil commitment

for the past eighteen years. He also contends that in that case, the Court failed to address the issue of gain time.

Petitioner's response pertains to issues he raised with his 1999 habeas proceedings challenging other Escambia county convictions, not his present conviction for battery on sexually violent predators detention or commitment facility staff. Those habeas proceedings have been closed for many years. To the extent Petitioner attempts to challenge those convictions, which are the basis for his civil commitment, through the instant habeas proceedings, this would constitute a successive petition, and Petitioner has not shown that he has been given leave to file a successive petition by the Eleventh Circuit. *See* Case No. 3:98-cv-179-LC-MD, ECF No. 216. Accordingly, nothing in Petitioner's response to the show cause order excuses Petitioner's failure to exhaust his state remedies for this conviction and therefore the Petition is due to be dismissed.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, should be **DISMISSED** for failure to exhaust state court remedies.

*Case No: 3:16-cv-167-LC-GRJ*

2. Petitioner's pending motions, including his motion to proceed as a pauper, ECF No. 4, and his motion to appoint counsel, ECF No. 7, should be **DENIED**.

**DONE AND ORDERED** this 29th day of April 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge